UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dee Farmer,

           Petitioner,

–v–

United States,

           Respondent.

15-cv-6287 (AJN)
12-cr-758

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Petitioner Dee Farmer's motion to reconsider the Court's March 30, 2016 Memorandum & Order denying Farmer's 28 U.S.C. § 2255 petition. For the following reasons, Farmer's motion for reconsideration is denied.

## I. Background

The facts underlying the present motion are more thoroughly outlined in the Court's March 30, 2016 Memorandum & Order. Dkt No. 12.[1] Briefly, Dee Farmer is a trans woman who uses male pronouns in connection with this case. *See United States v. Farmer,* No. 12-cr-758, Dkt. No. ("Crim. Dkt. No.") 92 at 3. On September 12, 2013, Farmer pled guilty to a superseding indictment charging him with five counts arising from a forged subpoena scheme. Crim. Dkt. No. 67. Prior to sentencing, the parties disputed how to calculate Farmer's intended loss amount for purposes of calculating the United States Sentencing Guidelines range. Farmer was convicted for creating and sending a forged court subpoena to Experian Credit Agency, a credit reporting bureau, that sought personal and financial information for 37 individuals. Memo

---

[1] Citations in this case are to the civil docket, 15-cv-6287, unless otherwise noted.

1

& Order at 2 (Dkt No. 12). A few months prior to the forged subpoena incident, Farmer (and his coconspirator) exploited two stolen identities to purchase $14,000 worth of merchandise at a Nordstrom in New Jersey. *Id.* Relying on this incident, the Government argued that Farmer intended to cause $7,000 of loss per individual. *Id.* at 3. Applying this number to the 37 individuals in the forged subpoena, the Government argued that Farmer's proposed intended loss was $259,000 (or 37 names * $7,000 intended loss per individual). *Id.* Defense counsel objected to this intended loss calculation. *Id.* at 11-12. On January 28, 2014, the Court accepted the Government's proposed intended loss amount, calculated Farmer's Guidelines Range to be 70-87 months plus a mandatory consecutive 24-month term, and sentenced Farmer to 72 months of imprisonment. Crim. Dkt. No. 84. Farmer is scheduled to be released in October 2017.

Farmer filed a notice of appeal on February 7, 2014, Crim. Dkt. No. 82, but withdrew the appeal with prejudice on December 11, 2014, Crim. Dkt. No. 86. On August 10, 2015, Farmer filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. Crim. Dkt. No. 87. On March 30, 2017, the Court issued a Memorandum & Order denying Farmer's § 2255 petition. Dkt No. 12. On April 18, 2017, Farmer indicated his intention to file a motion for reconsideration. Dkt No. 14. In light of Farmer's *pro se* status, the Court extended the deadline for filing a motion for reconsideration multiple times. Dkt Nos. 15, 20, 22, 25. On October 31, 2016, Farmer filed a "motion to correct misapplication of sentencing guidelines." Dkt No. 28. Farmer subsequently submitted several additional filings, including a "motion for reconsideration," *see* Dkt No. 29, a "motion for enlargement of time to file additional supporting affidavits, and a renewed motion for appointment of counsel," *see* Dkt No. 32, and a "closing statement/affidavit in support of pending motions," *see* Dkt No. 43; *see also* Dkt Nos. 38, 40, 41, 42. In light of Farmer's *pro se* status, the Court will construe all of these filings as a part of

Farmer's motion for reconsideration. The Government opposes the motion for reconsideration. Dkt No. 44.

## II. Standard of Review

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Shaw v. Mcdonald*, No. 14-cv-5856 (NSR), 2016 WL 828131, at *1 (S.D.N.Y. Feb. 22, 2016). The standard for granting a motion for reconsideration "is strict," *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Securities Litigation*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). Such a motion should be granted only when the party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted). Although a Court must liberally construe pleadings filed by *pro se* plaintiffs, *see Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008), "[a]t the end of the day," *pro se* litigants must nonetheless "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (declining to consider argument made by *pro se* litigant for the first time in a motion for reconsideration).

## III. Discussion

Through Farmer's various filings, he brings essentially three types of claims. First, Farmer raises the same ineffective assistance of counsel arguments presented in his original § 2255 petition. Second, Farmer challenges the Court's prior decision that he had waived certain

arguments in his § 2255 petition by raising them for the first time in a reply brief. Third, Farmer raises new challenges to his conviction. As explained below, all of Farmer's arguments are barred by the standard of review for motions for reconsideration.

### 1. Farmer's Motion for Reconsideration Raises the Same Ineffective Assistance of Counsel Arguments Rejected in the Initial § 2255 Petition

First, Farmer's motion for reconsideration raises several arguments that are identical to those discussed and rejected in the Court's March 30, 2016 Memorandum & Order. For example, Farmer argued in his initial § 2255 petition that his counsel was ineffective for failing to raise the defense that Farmer's health was so poor that it was legally impossible for Farmer to have committed the alleged crimes. Crim. Dkt. No. 87 at 20-21, 30; Memo & Order at 6. The Court rejected this argument in the original Order, explaining that "Farmer's attorneys correctly determined that his medical defenses would not be permitted by the Court" because it was not impossible for Farmer to have conspired to commit fraud while ill. Memo & Order at 6-7. Farmer raises this precise argument in his motion for reconsideration. Dkt No. 28 at 11 ("Because of my disabilities, blindness (legal), I cannot operate myself; thus, I would had [sic] no way to get to or operate in a retail store, including Nordstrom."); Dkt No. 29 at 17 ("I was denied effective assistance of counsel because counsel rejected a defense that my illness from AIDS prevented me from committing the offense."). Similarly, in his § 2255 petition, Farmer argued that his counsel was ineffective at sentencing for failing to adequately litigate the intended loss amount issue. *See* Crim. Dkt. No. 89 at 7-8; Memo & Order at 11. In the March 30, 2016 Memorandum & Order, the Court rejected Farmer's argument, reasoning, among other things, that Farmer's counsel did in fact raise many of the arguments advanced by Farmer and that counsel made a strategic decision not to seek a *Fatico* hearing on the intended loss issue because it would have placed Farmer at a risk of even higher loss amount. Memo & Order at 12-

14. In the motion for reconsideration, Farmer reiterates variants of essentially the same arguments previously rejected by the Court in the March 30, 2016 Memorandum & Order. *See, e.g.*, Dkt No. 28 at 1 ("In my case, there was not a determination of an actual loss amount, because none existed."); Dkt No. 29-1 at 24-25 (arguing that the evidence was insufficient to prove by a preponderance of the evidence that Farmer intended to cause loss); Dkt No. 29-2 at 1 (arguing that the PSR's intended loss calculation was based on "double speculation"); 29-2 at 6 (arguing that it is "nonsensical" for the Government and Court to conclude "that because Ms. Farmer used 2 credit cards to fraudulently purchase merchandise at Nordstrom Department Stores to make an average of $7,000 worth of purchases on each credit card" that Farmer also intended to steal this amount "when she sent a court order to Experian Credit agency requesting credit information on 37 individuals"); 29-2 at 22 (arguing that defense counsel was ineffective for failing to obtain a *Fatico* hearing on the intended loss amount); 29-2 at 26-27 (arguing that the loss amount at Nordstrom should be divided by three credit cards, rather than two).

Farmer's arguments are improper in a motion for reconsideration. A motion for reconsideration may "not be granted where the moving party seeks solely to relitigate an issue already decided." *SBC 2010-1, LLC v. Morton*, 552 F. App'x 9, 11 (2d Cir. 2013) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). This rule applies even when the moving party is *pro se*. *See New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010); *Jeffreys v. United Techs. Corp.*, 69 F. App'x 28, 29 (2d Cir. 2003); *Myers v. Okada*, No. 08-CV-1635 (ENV), 2008 WL 4724579, at *1 (E.D.N.Y. Oct. 23, 2008). Because Farmer's "submission[s] in support of his motion for reconsideration reiterate[] the same arguments that were set forth in his Petition and his memorandum of law that accompanied his petition" and present no new facts or

law, the motion for reconsideration with respect to these arguments is denied. *Mallet v. Miller*, 438 F. Supp. 2d 276, 277 (S.D.N.Y. 2006).

### 2. The Court Properly Determined that Farmer Waived Certain Arguments in His Initial § 2255 Petition

Next, Farmer argues that the Court inappropriately deemed several of his arguments waived. In the March 30, 2017 Memorandum & Order, the Court concluded that four of Farmer's arguments — that Farmer received ineffective assistance of counsel on appeal, that the loss amount from the Nordstrom incident was $10,000, not $14,000, that the calculation of the intended loss amount violated due process and equal protection, and that defense counsel should have challenged certain Guidelines enhancements — were waived because Farmer raised them for the first time in his reply brief, not the original § 2255 petition. Memo & Order at 4 n.1. Many of the arguments in Farmer's motion for reconsideration simply reiterate the same arguments previously deemed waived. *See* Dkt No. 29-1 at 15 ("I repeatedly asked trial counsel to challenge the constitutionality of the intended loss provision. However, counsel failed to do so."); Dkt No. 29-2 at 14 (arguing that the intended loss provisions of the Sentencing Guidelines are unconstitutionally vague); Dkt No. 29-2 at 21 (arguing that the intended loss provision is unconstitutional because "it discriminates between classes of defendants"); Dkt No. 29-3 at 4 (arguing that defense counsel was ineffective for failing to object to a victim enhancement); Dkt No. 29-3 at 6 (arguing counsel was ineffective on appeal).

The Court did not err in its original conclusion that Farmer had waived these arguments. Courts have repeatedly held that arguments raised for the first time in reply briefs are waived, and courts have routinely applied this rule to *pro se* litigants. *See Wanjiku v. Holder*, 562 F. App'x 708, 711 (10th Cir. 2014) ("[P]ro se status . . . does not preclude application of the waiver doctrine."); *United States v. Karimu*, 470 F. App'x 45, 46 (2d Cir. 2012); *Brown v. Ionescu*, 380

F. App'x 71, 72 n.1 (2d Cir. 2010); *Pointdujour v. Mount Sinai Hosp.*, 121 F. App'x 895, 896 n. 1 (2d Cir. 2005) ("As a rule, we will not consider an argument raised for the first time in a reply brief, even by a *pro se* civil litigant."); *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996); *United States v. Harrison*, 48 F. Supp. 3d 381, 385 n.1 (N.D.N.Y. 2014) ("[A]rguments raised for the first time in a reply brief are not usually considered, even when made by a pro se litigant." (citation omitted)); *United States v. Martinez*, 475 F. Supp. 2d 154, 166-67 (D. Conn. 2007) (finding an argument not made in an initial § 2255 brief waived, even though the party was *pro se*, because "a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues." (quoting *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998)). There is no basis to reconsider this conclusion.

### 3. Farmer May Not Raise New Arguments in the Motion for Reconsideration

Finally, Farmer's motion for reconsideration raises various new arguments. For example, Farmer contends that his counsel was ineffective for failing to argue that the indictment did not state an offense, for failing to move to dismiss the indictment on jurisdictional grounds, and for failing to adequately investigate Farmer's competency at the time of sentencing. *See* Dkt No. 28 at 11 ("[S]ome of the Counts of the Superseding Indictment fail to sufficiently charge an offense."); Dkt No. 29-1 at 5 (noting that Farmer had a "claim of incompetency during the time of sentencing"); *id.* ("[B]y the time of sentencing Ms. Farmer lacked the capacity to appreciate the nature of the judicial proceedings."); Dkt No. 29-2 at 28 ("Counsel was ineffective for failing to seek dismissal of the Indictment for lack of jurisdiction."). The Court need not consider allegations that "were made for the first time in [a] motion for reconsideration." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 n.4 (2d Cir. 2004); *see also Negron v. United States*, 394 F. App'x 788, 793 (2d Cir. 2010) ("A motion to reconsider . . is an improper means

to raise new grounds for habeas relief that could have been presented in the earlier habeas proceeding."); *Vernon v. Nat'l Conference of Bar Examiners*, No. 1:16-CV-00264 (PKC), 2017 WL 2304214, at *2 (E.D.N.Y. May 25, 2017) ("[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration."). The Court accordingly declines to review these arguments.

### 4. The Request for Pro Bono Counsel is Denied

One of the documents filed in conjunction with Farmer's motion for reconsideration contains a request for the appointment of *pro bono* counsel. Dkt No. 32 at 1. As explained in the Court's March 30, 2017 Memorandum & Order, the Court need not grant a *pro se* petitioner's request for pro bono counsel if petitioner's claim is not likely to be of substance. Memorandum & Order at 14 (citing *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)). Because the Court has already concluded that Farmer's § 2255 petition lacks merit, and because the Court also denies the motion for reconsideration, the Court concludes that Farmer's claims lack substance and therefore that the motion to appoint pro bono counsel should again be denied.

## III. Conclusion

For the foregoing reasons, the Court denies Farmer's motion for reconsideration. This resolves Docket Number 28. The Clerk of the Court is respectfully requested to close this case.

A copy of this Memorandum & Order has been mailed to the *pro se* party by Chambers.

SO ORDERED.

Dated: Aug 9, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 10 2017